**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bahig Saliba, | No. CV-22-01025-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Pilots Association, | |
| Defendant. | |

At issue is Defendant Allied Pilots Association's ("APA") motion to dismiss Plaintiff Bahig Saliba's complaint (Doc. 9), which is fully briefed (Docs. 12, 15). For reasons explained below, APA's motion is granted, and this case is dismissed.

I.     **Background**[1]

Saliba is a pilot employed by American Airlines ("American"). APA is the union that represents American's pilots. Though Saliba is not a member of the union, he is in a bargaining unit represented by APA.

During the COVID-19 pandemic, American adopted a policy requiring passengers to wear masks during flights and requiring employees to wear masks while at work. Pilots were required to wear masks while facing passengers but were not required to wear a mask in the flight deck. APA supported American's mask policy and encouraged its pilots to comply.

---

[1] The following background is based on the allegations in Saliba's complaint (Doc. 1) along with documents properly subject to judicial notice.

American's internal mask policy was only one of many mask mandates that applied to air travelers during the pandemic. For example, Executive Order 13998 imposed a federal mask mandate for air travel. And the Federal Aviation Administration ("FAA") issued guidance mirroring the executive order.

On December 6, 2021, Saliba approached a Transportation Security Administration ("TSA") checkpoint without a mask. The TSA officer asked him to wear one, but he refused. The TSA officer contacted airport police, and Saliba told the officers that he was exempt from the mask mandate because, in his personal judgment, wearing a mask could compromise his fitness for duty. After a brief detention, Saliba was released, still not wearing a mask.

Airport police reported the incident to American, after which Saliba was removed from active flying duty and placed on administrative leave pending disciplinary action. On December 9, 2021, American informed Saliba that it was proposing disciplinary action against him. A hearing on that proposal was held on January 6, 2022. And in the month leading up to hearing, Saliba exchanged numerous emails with APA's in-house lawyer, Rupa Baskaran. Saliba insisted that APA both represent him at the hearing and argue his preferred defense, which was that Federal Aviation Regulation ("FAR") § 61.53 gave him unilateral authority to determine whether to wear a mask. Ms. Baskaran explained to Saliba that APA will represent him at the hearing, if he so chooses, but APA would not advance Saliba's preferred defense because APA agreed with American's mask policy and disagreed with Saliba's idiosyncratic reading of FAR § 61.53. Ms. Baskaran also explained to Saliba that, if he does not affirmatively elect APA representation, he may represent himself at the hearing and advance whatever arguments he would like. Saliba never affirmatively elected APA representation

During the disciplinary hearing, Saliba was given an opportunity to, and in fact did, argue his FAR § 61.53 defense. He also acknowledged that, on December 6, 2021, he was not wearing a mask at the TSA checkpoint. Ultimately, a written advisory was placed into Saliba's personnel file regarding his failure to comply with American's mask policy. With

APA's assistance, Saliba filed a grievance challenging American's decision to issue a written advisory. Those administrative proceedings remain ongoing.

In the meantime, Saliba filed this action against APA, accusing it of violating its statutory duty of fair representation by not opposing American's mask policy and not advancing Saliba's preferred defense at this disciplinary hearing. Saliba also accuses APA of violating 18 U.S.C. § 242, which criminalizes certain deprivation of constitutional rights under color of state law, 42 U.S.C. § 1983, which provides civil remedies for the same, and 14 C.F.R. § 91.11, an FAA regulation that prohibits interference with an airplane crew member's performance of their duties. APA has moved to dismiss all claims.

## II.    Legal Standard

When analyzing a complaint for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the Court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

1    **III.    Analysis**

2           Saliba's claims under §§ 242, 1983, and 91.11 fail as a matter of law. Section 242

3    is a criminal statute that does not provide a private civil right of action. *See Allen v. Gold*

4    *Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Section 1983 provides a civil right

5    of action, but only against those acting under color of state law. APA is a union, and

6    generally "[u]nions are not state actors; they are private actors." *Hallinan v. Fraternal*

7    *Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Although there

8    are some limited circumstances under which the conduct of an otherwise private actor may

9    be deemed state action, *see Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003), none

10   of those limited circumstances are present here. And the Ninth Circuit has held that the

11   FAA does not create an implied right of action. *G.S. Rasmussen & Associates, Inc. v.*

12   *Kalitta Flying Service, Inc.*, 958 F.2d 896, 902 (9th Cir. 1992) ("[W]e have previously held

13   that there is no implied private right of action under the Federal Aviation Act. We reach

14   the same conclusion . . . where plaintiff's claim is grounded in the regulations rather than

15   the statute itself." (citation omitted)).

16          This leaves Saliba's duty-of-fair-representation claim. A union has a duty to fairly

17   represent all employees within the bargaining unit. *Demetris v. TWU*, 862 F.3d 799, 804-

18   05 (9th Cir. 2017). A union breaches this duty when it acts arbitrarily, discriminatorily, or

19   in bad faith. *Id.* at 805. This standard is highly deferential to the union, especially when the

20   challenged conduct involves a union's judgment. *Id.* This is so because unions must

21   balance the interests of individuals and of the group as whole but pursuing every

22   individual's goals would make it impossible to effectively pursue the broader goals of the

23   entire group. Therefore, absent discrimination or bad faith, courts defer to a union's

24   judgment because "[a union] must be able to focus on the needs of its whole membership

25   without undue fear of lawsuits from individual members." *Herring v. Delta Air Lines, Inc.*,

26   894 F.2d 1020, 1023 (9th Cir. 1990).

27          Here, it is implausible that APA acted arbitrarily, discriminatorily, or in bad faith

28   when it refused to opposed American's mask policy or to advance Saliba's idiosyncratic

view of FAA regulations. American's mask policy was generally consistent with those adopted by the federal government, as well as many state and local governments. It also was based on a scientific consensus that wearing masks helps reduce the transmission of COVID-19. Saliba might disagree with the science, but his disagreement does not make APA's endorsement of American's mask policy arbitrary, discriminatory, or in bad faith.

Likewise, it is implausible that APA's refusal to advance Saliba's preferred defense at his disciplinary hearing was arbitrary, discriminatory, or in bad faith. The two merely had a disagreement over the proper reading of the relevant FAA regulations. These types of differences of opinion are insufficient to support a breach of the duty of fair representation claims. *See Conkle v. Jeong*, 73 F.3d 909, 915-16 (9th Cir. 1995). This is especially true here, where Saliba's interpretation of FAR § 61.53 is idiosyncratic and almost certainly incorrect. That regulation provides, in relevant part:

> [N]o person who holds a medical certificate issued under part 67 of this chapter may act as pilot in command, or in any other capacity as a required pilot flight crewmember, while that person:
>
> (1) Knows or has reason to know of any medical condition that would make the person unable to meet the requirements for the medical certificate necessary for the pilot operation; or
>
> (2) Is taking medication or receiving other treatment for a medical condition that results in the person being unable to meet the requirements for the medical certificate necessary for the pilot operation.

14 C.F.R. § 61.53. Nothing in this section even arguably gives Saliba the unilateral authority to decide whether to comply with a mask mandate policy, especially when that policy did not require him to wear a mask while actually piloting the airplane from the flight deck.

/ / /

/ / /

/ / /

For these reasons,

**IT IS ORDERED** that APA's motion to dismiss (Doc. 9) is **GRANTED**. The Clerk is directed to terminate this action.

Dated this 27th day of March, 2023.

Douglas L. Rayes
United States District Judge