**FILED**

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BAHIG SALIBA, | No. 23-15631 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01025-DLR |
| v. | |
| ALLIED PILOTS ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 22, 2024**

Before: CALLAHAN, LEE, and FORREST, Circuit Judges.

Bahig Saliba appeals pro se from the district court's judgment dismissing his federal action challenging Allied Pilots Association's COVID-19 policies and conduct during Saliba's workplace disciplinary process. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Saliba's request for oral argument, set forth in the reply brief, is denied.

Civil Procedure 12(b)(6).  *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Saliba's claims alleging that Allied Pilots Association violated its duty of fair representation because Saliba failed to allege facts sufficient to show that it acted arbitrarily, discriminatorily, or in bad faith.  *See Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 804-05 (9th Cir. 2017) (explaining that a union breaches its duty of fair representation when its conduct is arbitrary, discriminatory, or in bad faith; and that a union's conduct will only be deemed arbitrary if "so far outside" a "wide range of reasonableness" that it is "wholly irrational" (citations and internal quotation marks omitted)).

The district court properly dismissed Saliba's remaining claims because Saliba failed to allege facts sufficient to state any plausible claim.  *See Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1166-67 (9th Cir. 2021) (explaining that 42 U.S.C. § 1983 liability requires a defendant to act under color of state law, which is analyzed by "whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" (citation and internal quotation marks omitted)); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (explaining that 18 U.S.C. § 242 does not give rise to private civil liability); *G.S.*

*Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 902 (9th Cir. 1992) (explaining that there is no private right of action under the Federal Aviation Act, "particularly where plaintiff's claim is grounded in the regulations rather than the statute itself").

The district court did not abuse its discretion in denying reconsideration because Saliba failed to establish a basis for such relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**